IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00907-MSK-MJW

CARLTON RAY MARTINEZ-BEY,

    Applicant,

v.

JOSEPH ORTIZ, Executive Director of the Colorado Department of Corrections,

    Respondent.

## ORDER DENYING HABEAS RELIEF AND
## DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

THIS MATTER comes before the Court on the Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(#3)**. Having considered the application, the return **(#6)**, the traverse **(#10)**, and any attachments thereto, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 2241 and 1331.

### II. Factual and Procedural Background

The Petitioner, Mr. Martinez-Bey, is a prisoner who seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. Because he is *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A. Material Facts**

The material facts are undisputed. On January 12, 1984, Mr. Martinez-Bey was sentenced

in Case No. 83CR571 (Denver County District Court) as follows: 24 years imprisonment and 1 year of parole on Count 1 (second degree kidnapping); 24 years imprisonment and 1 year of parole on Count 2 (first degree sexual assault); 6 years imprisonment and 1 year of parole on Count 6 (aggravated robbery); and 8 years plus 1 day imprisonment and 1 year of parole on Count 7 (first degree burglary).  The sentences for Counts 1 and 2 were to be served concurrently, and the sentences for Count 6 and 7 were to be served concurrently, but consecutively to the sentences for Counts 1 and 2.  Mr. Martinez-Bey received 372 days of credit for presentence confinement and 372 days of good time credits.

In May 1984, Mr. Martinez-Bey was sentenced in Case No. 83CR706 (Denver County District Court) as follows: 12 years imprisonment and 1 year of parole on Count 1 (first degree sexual assault); 12 years imprisonment and 1 year of parole on Count 2 (first degree kidnapping); and 12 years imprisonment and 1 year of parole on Count 3 (a mandatory sentencing statute). These sentences were to be served concurrently to each other but consecutively to the sentences imposed in Case No. 83CR571.  Mr. Martinez-Bey received 449 days of credit for presentence confinement.

In February 1990, Mr. Martinez-Bey was sentenced in Case No. 89CR158 (Fremont County District Court) to 30 months imprisonment on a single count (criminal attempt to commit possession of contraband).  This sentence was to be served consecutively to Mr. Martinez-Bey's other sentences.

On December 11, 2001, Mr. Martinez-Bey was considered for parole.  The Parole Board denied his request for parole and deferred further consideration for 3 years pursuant to § 17-22.5-303(6), C.R.S.

**B. State Court Review**

Mr. Martinez-Bey first sought habeas corpus relief in the Logan County District Court. He claimed that: (1) the Colorado Department of Corrections had miscomputed the length of his sentences for purposes of parole eligibility, because it incorrectly applied § 17-22.5-101, C.R.S.; (2) the Parole Board erred by deferring reconsideration of his parole for 3 years; (3) in considering his application for parole, the Parole Board was obligated to treat him as serving the 30-month term of his third consecutive sentence; and (4) the Parole Board's actions resulted in a withdrawal of good time and earned time credits he had already accrued.[1]

The Logan County District Court denied his application for habeas relief. It concluded that Mr. Martinez-Bey had not completely served his sentences. It rejected Mr. Martinez-Bey's assertion that at the time he appeared before the Parole Board, he was only serving the 30-month sentence imposed in Case No. 89CR158. It then rejected Mr. Martinez-Bey's argument that the good time and earned time credits he received constituted the actual service of his sentence. It further determined that because Mr. Martinez-Bey had been convicted of unlawful sexual behavior, and because he had not fully served his entire sentences for such offenses, Mr. Martinez-Bey was not eligible for mandatory parole. The Colorado Supreme Court affirmed such ruling without explanation on November 19, 2004.

### III. Issue Presented

The Court must determine whether the Respondent (referred to herein as "the custodian") is executing Mr. Martinez-Bey's sentence in violation of federal law.

---

[1] Mr. Martinez-Bey's application for habeas relief in the Colorado courts is not part of this Court's record. However, this Court can discern, by inference from the state court's rulings, the issues that Mr. Martinez-Bey presented.

### IV. Analysis

**A. Claim 1**

In Claim 1, Mr. Martinez-Bey alleges that the custodian misapplied § 17-22.5-101, C.R.S., because it treated his consecutive sentences as a single, 46 years and 6 months composite sentence for all of his criminal cases. He asserts that he was not serving a "single" sentence but instead was serving a "continuous" sentence in which he first served the sentence imposed in Case No. 83CR571, then served the sentence imposed in Case No. 83CR706, and then began serving the sentence imposed in Case No. 89CR158. He alleges that the custodian's application of § 17-22.5.101, C.R.S., violates his right to due process. He asks the Court to apply the rule of lenity in interpreting § 17-22.5-101, C.R.S. The custodian contends that its application of § 17-22.5-101, C.R.S. is correct, and that there is no violation of any federal law which would entitle Mr. Martinez-Bey to habeas relief.

This dispute concerns the interpretation of a Colorado statute. Section 17-22.5-101, C.R.S. provides: "For the purposes of this article, when any inmate has been committed under several convictions with separate sentences, the department shall construe all sentences as one continuous sentence." Mr. Martinez-Bey asks the Court to apply the rule of lenity in construing this statute. Under the rule of lenity, the Court construes ambiguous criminal statutes against the State and in favor of a defendant. *See U.S. v. Ruiz-Gea*, 340 F.3d 1181, 1188 (10th Cir. 2003). However, the rule of lenity does not apply when other techniques for statutory construction shed light on a statute's interpretation. *See id.* Here, the interpretation of § 17-22.5-101, C.R.S. is uniformly set forth in Colorado caselaw.

The Colorado courts have repeatedly interpreted § 17-22.5-101, C.R.S., in the same

4

manner as the custodian. *See, e.g., People v. Starcher*, 107 P.3d 1127, 1128 (Colo. App. 2004); *People v. Santisteven*, 868 P.2d 415, 418 (Colo. App. 1993). Indeed, when Mr. Martinez-Bey sought habeas relief in the Colorado courts, they rejected his assertion that the custodian's application of the statute was incorrect.

Absent the violation of a federal law, Mr. Martinez-Bey cannot obtain habeas relief. *See* 28 U.S.C. § 2241(c). Mr. Martinez-Bey cites no legal authority which supports his position that the Colorado court's interpretation of the Colorado statute violates his right to due process, and the Court's research reveals no such legal authority. As the custodian contends, and Mr. Martinez-Bey does not contest, this Court generally must defer to the Colorado courts' construction of Colorado statutes. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Only in "extreme circumstances" – such as when a state court ruling is an "obvious subterfuge to evade consideration of a federal issue" – is this Court not bound by the Colorado courts' interpretation of Colorado law. *See id.* at 691 n.11. No such extreme circumstances are present here. Therefore, Mr. Martinez-Bey is denied relief on Claim 1.

**B. Claim 2**

In Claim 2, Mr. Martinez-Bey alleges that he was denied due process when, after denying his request for parole, the Parole Board deferred further review of his parole request for 3 years instead of 1 year. He contends that by deferring his parole hearing for 3 years, the Parole Board violated §§ 17-22.5-301, 17-22.5-302, and 17-22.5-303(6), C.R.S., and effectively withdrew good time and earned time credits he had accrued. He believes that at the time he appeared before the Parole Board, he had completely served the sentences imposed in Case Nos. 83CR571 and 83CR706 and was only serving the sentence imposed in Case No. 89CR158, for a Class 5

non-violent felony.

Mr. Martinez-Bey is not entitled to habeas relief to the extent that he claims that the 3-year deferral of his parole hearing violates his right to due process. This aspect of Claim 2 is premised upon Mr. Martinez-Bey's mistaken belief that when he appeared before the Parole Board, he was only serving the sentence imposed for criminal attempt to commit possession of contraband. As discussed *supra* with regard to Claim 1, under Colorado law, § 17-22.5-101, C.R.S., Mr. Martinez-Bey's consecutive sentences are treated as a single, continuous sentence. Therefore, when he appeared before the Parole Board, he was serving a single, continuous sentence for second degree kidnapping, first degree sexual assault, aggravated robbery, first degree burglary, first degree kidnapping, and criminal attempt to commit possession of contraband. As a consequence, the Parole Board was statutorily authorized to defer further consideration of his parole status for another three years pursuant to § 17-22.5-303(6), C.R.S., given his sex offense convictions.[2]

---

[2] This statute provides:
> (6) Any person sentenced for a class 2, class 3, class 4, class 5, or class 6 felony committed on or after July 1, 1985, shall be eligible for parole after such person has served the sentence imposed less any time authorized for good time earned pursuant to section 17-22.5-301 and for earned time pursuant to section 17-22.5-302. Upon an application for parole, the state board of parole, working in conjunction with the department and using the guidelines established pursuant to section 17-22.5-404, shall determine whether or not to grant parole and, if granted, the length of the period of parole, which may be for a period of up to five years. If an application for parole is refused by the state board of parole, the state board shall reconsider within one year thereafter the granting of parole to such person and shall continue the reconsideration each year thereafter until such person is granted parole or until such person is discharged pursuant to law; except that, **if the person applying for parole was convicted of any class 3 sexual offense described in part 4 of article 3 of title 18, C.R.S.**, a habitual criminal offense as defined in section 18-1.3-801(2.5), C.R.S., or of any offense subject to the requirements of section 18-1.3-904, C.R.S., **the board need only reconsider granting parole to such person once every three years**, until the board grants such person parole or until such person is discharged pursuant to law, or if the person applying for parole was

6

To the extent that this claim is premised upon an alleged withdrawal of good time and earned time credits, it also does not succeed. The Colorado courts have repeatedly concluded that neither good time nor earned time credits constitute actual service of a sentence. *See Rather v. Suthers,* 973 P.2d 1264, 1266 (Colo. 1999); *Jones v. Martinez*, 799 P.2d 385, 388 (Colo. 1990). Instead, they are simply used to calculate an inmate's parole eligibility date. Mr. Martinez-Bey is already eligible for parole; the Parole Board has simply declined to place him on parole. Therefore, even assuming that the Parole Board's actions had the effect of withdrawing Mr. Martinez-Bey's good time and earned time credits, it would not impact the length of Mr. Martinez-Bey's incarceration. Therefore, Mr. Martinez-Bey is not entitled to relief on Claim 2.

**C. Claim 3**

In Claim 3, Mr. Martinez-Bey alleges that his continued confinement beyond the expiration of his sentences violates the Eighth Amendment.  This claim is dependent upon a ruling in his favor on either Claims 1 or 2. Because the Court has denied relief on Claims 1 and 2, Mr. Martinez-Bey is not entitled to relief on Claim 3.

**D. Pending Motions**

Mr. Martinez-Bey has filed two motions which are currently pending. The first **(#11)** asks the Court to expedite consideration of his claims. The second **(#13)** asks the Court to compel the Magistrate Judge to issue a recommendation on the merits of the application. Because the Court has addressed the merits of Mr. Martinez-Bey's claims in this Order, both motions are moot and

---

convicted of a class 1 or class 2 felony that constitutes a crime of violence, as defined in section 18-1.3-406, C.R.S., the board need only reconsider granting parole to such person once every five years, until the board grants such person parole or until such person is discharged pursuant to law. (Emphasis added).

are therefore denied.

**IT IS THEREFORE ORDERED** that:

(1) The Court withdraws the reference of all matters from the Magistrate Judge.

(2) The Court **DENIES** relief on all the claims set forth by Mr. Martinez-Bey in his Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(#3)**.

(3) The motion for expedited consideration **(#11)** and the motion to compel **(#13)** are **DENIED**, as moot.

(4) The Clerk of Court is directed to close this case.

Dated this 17th day of January, 2006

                              **BY THE COURT:**

                              *Marcia S. Krieger*

                              Marcia S. Krieger
                              United States District Judge